**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICHARD A. GALLE**                                                         **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 1:03cv917Ro**

**RUFUS H. "BUD" REITZEL AND
ASSET ACCEPTANCE, LLC**                                      **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on the plaintiff's Motion for Leave to Amend Complaint [112-1]. Having considered Plaintiff's Motion [112-1], Defendants' Motion to Strike [117-1], and Plaintiff's Memorandum in Opposition to the defendants' Motion to Strike [125-1], along with the relevant law, this Court finds that Plaintiff's Motion [112-1] should be granted in part and denied in part.

**I. Facts**

On March 23, 2004, in response to the Court's Order [28-1] requiring a more definite statement of his claims, the Plaintiff filed his Amended Complaint [39-1], bringing forth several causes of action pursuant to the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Defendant Asset Acceptance, LLC ("Asset") filed its Answer [41-1] on April 13, 2004 and Defendant Rufus H. Reitzel ("Reitzel") filed his Answer [63-1] on September 7, 2004. On August 26, 2004, this Court issued a Memorandum Opinion [59-1] and Order [60-1] dismissing, with prejudice, all of the Plaintiff's FCRA causes of action. On August 31, 2004, the Plaintiff filed a Motion [61-1] to Amend Complaint, in which he sought to add a provision alleging a recent violation of the FDCPA, a provision realleging some of the previously dismissed FCRA claims under a part of the act that he argued authorized a private right of action, and a number of

provisions modifying the relief being sought.  On September 22, 2004, the Plaintiff filed a Supplement [69-1] to his Motion to Amend Complaint, in which he sought to incorporate the following statements: 1) "Plaintiff seeks an award of any and all statutory relief and/or civil penalties that Plaintiff may be entitled to[;]" and 2) "Plaintiff respectfully requests that the Court award Plaintiff such additional relief as the Court deems just and proper."  On November 17, 2004, this Court issued an Order [89-1] granting in part, and denying in part, the Plaintiff's Motion [61-1] to Amend.  In a Memorandum Opinion [88-1] issued that same day, this Court explained that:

> [B]ecause this Court has dismissed the plaintiff's FCRA claims, with prejudice, the plaintiff is precluded from realleging those violations.  As a result, this Court is of the opinion that the plaintiff's request to amend his complaint in order to reallege his FCRA violations under 15 U.S.C. § 1681s-2(b) should be denied.  However, in light of the liberality afforded the pleadings of pro se litigants and in light of this being the plaintiff's first unilateral attempt to amend his complaint, this Court is of the opinion that the remaining amendments sought by the plaintiff should be granted.  As a result, this Court is of the opinion that the plaintiff's request to amend his complaint to include a provision for the recovery of attorneys fees under the FDCPA should be granted.  Furthermore, this Court is of the opinion that the plaintiff's request to add to this cause the defendants' alleged June 2004 violations of the FDCPA should be granted.  Furthermore, this Court is of the opinion that the plaintiff's request to modify the amount of actual damages from at least $45,000 to at least $50,000 and to modify the amount of costs for this action from $700 to $1300 should be granted.  Finally, this Court is of the opinion that plaintiff's request to add provisions for any and all statutory relief and for additional relief should be granted.

On November 24, 2004, some seven (7) days after this Court's ruling on the Plaintiff's Motion [61-1] to Amend Complaint, the Plaintiff filed a Second Supplement [90-1] to his Motion to Amend Complaint.

On January 24, 2005, the Plaintiff filed his Second Amended Complaint [91-1].  Shortly thereafter, on January 27, 2005, the Plaintiff filed a Motion [92-1] to Replace a Page in his Second Amended Complaint, seeking to replace a mistakenly submitted page.  On February 7, 2005, the

Defendants filed a Motion to Strike Second Amended Complaint and For Attorneys' Fees, Costs and Sanctions [94-1], arguing that the Plaintiff's Second Amended Complaint exceeds the scope of this Court's ruling, allowance and intent. In an Order [108-1] on March 31, 2005, the Court granted the Defendants' motion and Plaintiff's Second Amended Complaint was stricken. On May 16, 2005, the Plaintiff filed a Motion for Leave to Amend Complaint [112-1]. The Defendants responded on July 8, 2005, with a Motion to Strike Plaintiff's Motion for Leave to Amend Complaint [117-1], to which the Plaintiff responded with a Memorandum in Response and Objection to Defendants' Motion (and Brief in Support) to Strike Plaintiff's Motion for Leave to Amend Complaint [125-1].

## II. Analysis

The Plaintiff seeks to file an amended complaint, or in the alternative leave to file a third amended complaint, to incorporate the following provisions: a provision which alleges new, October 2004 violations of the FDCPA, specifically alleging further violations of 15 U.S.C. § 1692g(b), § 1692e(2)(B), § 1692f(1), § 1692e(8), § 1692e(2)(A), and § 1692e(10); a provision that realleges certain violations of the FCRA (previously dismissed by this Court) under 15 U.S.C. § 1681; a provision requesting to include Mississippi state law causes; a provision modifying the amount of actual damages to at least $50,000; a provision modifying the amount of costs for this action to $1800; a provision requesting compensatory damages of $100,000; a provision requesting punitive damages of at least $500,000; a provision requesting a trial by a jury; a provision requesting an award of any and all statutory relief and/or civil penalties to which he may be entitled; and a provision requesting an award of additional relief should this Court deem it to be just and proper**.**

Rule 15 of the Federal Rules of Civil Procedure allows amendment of pleadings under certain circumstances and that "leave shall be freely granted when justice so requires." A party may amend

its pleading after a responsive pleading has been served ". . . only by leave of the court or by written consent of the adverse party." FED.R.CIV.P. 15(a). However, "leave shall be freely given when justice so requires." *Id.* While leave is to be freely given, it is not required where good reason otherwise necessitates, such as in instances of futility of the amendment; undue prejudice to the opposing party; or the plaintiff's undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed. *Freeman v. Continental Gin Co*, 381 F.2d 459, 468-469 (5th Cir. 1967) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant or deny a motion to amend is entrusted to the sound discretion of the court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). This decision will be overturned on appeal only for abuse of discretion. *Davis v. U.S.* 961 F.2d 53, 57 (5th Cir. 1991). The pleadings of pro se petitioners are to be construed liberally. *See McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). This Court is of the opinion that the plaintiff's Motion [112-1] should be granted in part and denied in part.

The Plaintiff previously charged Defendant Asset with violations of 15 U.S.C. § 1681s-2(a) of the FCRA, the section addressing the duties of those who furnish information to consumer reporting agencies. This Court dismissed those claims, with prejudice, explaining that there is no private right of action under § 1681s-2(a) of the FCRA. The Plaintiff now seeks to reallege, by incorporating his Second Amended Complaint into this Motion for Leave to Amend Complaint, those violations under § 1681s-2(b), which some courts have interpreted as providing a private right of action against furnishers of information. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002). However, because this Court has dismissed the Plaintiff's FCRA claims,

with prejudice, the Plaintiff is precluded from realleging those violations. As a result, this Court is of the opinion that the Plaintiff's request to amend his complaint in any regard to his FCRA violations under 15 U.S.C. § 1681s-2(b) should be denied. The Plaintiff's request that in the alternative his Motion be considered a Motion for Leave to File a Third Amended Complaint is also denied.

The Plaintiff now alleges Mississippi state law claims that he seeks to add to his complaint. These are new claims that the Plaintiff is alleging for the first time. In its Order [89-1] from November 17, 2004, granting leave to make some amendments, the Court notes that "it was not this Court's intention that the Plaintiff would be given an open door to make new allegations." These state law claims constitute new allegations and will not be allowed. These amendments would also be unduly prejudicial to the Defendants as trial is quickly approaching and this case was filed in 2003. Therefore, the Plaintiff's request to add a provision to his complaint alleging Mississippi state law claims should be denied.

Additionally, the Plaintiff's requests for provisions to add compensatory damages of $100,000, punitive damages of $500,000 are outside of the scope of amendments agreed to by the Court in its November 17, 2004, and March 31, 2005, orders[89-1, 108-1]. These provisions are also unduly prejudicial to the Defendants and are therefore denied.

However, in light of the liberality afforded the pleadings of pro se litigants, this Court is of the opinion that the remaining amendments sought by the Plaintiff should be granted. As a result, this Court is of the opinion that the Plaintiff's request to amend his complaint to include a provision to modify the amount of costs for this action to $1,800 should be granted. Furthermore, this Court is of the opinion that the Plaintiff's request to add to this cause the Defendants' alleged October 2004

violations of the FDCPA should be granted.  Furthermore, this Court has already granted, in the March 31, 2005 Order [108-1], the Plaintiff's request to modify the amount of actual damages to at least $50,000 and the Plaintiff's request to add provisions for any and all statutory relief and for additional relief, so these requests are moot.  Finally, this Court is of the opinion that the Defendants' request for attorneys fees, costs and sanctions should be denied.  It is therefore,

ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to Amend Complaint [112-1] should be, and is hereby granted in part and denied in part.

ORDERED that the Defendant's Motion to Strike Plaintiff's Motion for Leave to Amend Complaint [117-1] should be, and is hereby granted in part and denied in part.

This the 15th day of November, 2005.

s/John M. Roper Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE
