**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RICHARD ANDREW GALLE**                                                                           **PLAINTIFF**

**VERSUS**                                                                   **CIVIL ACTION NO.  1:03cv917-JMR**

**RUFUS H. "BUD" REITZEL and**
**ASSET ACCEPTANCE, LLC**                                                                         **DEFENDANTS**
_____

**MEMORANDUM OPINION:**

This matter is before the Court, *sua sponte*, due to Plaintiff's failure to initiate arbitration. The Plaintiff was ordered by this Court to submit his claims to arbitration on August 8, 2006. (*See* Order [179].)  On December 1, 2009, this Court ordered Plaintiff to initiate arbitration by March 1, 2010. (*See* Order [195].)  Lastly, on February 25, 2010, this Court warned Plaintiff of his duty to initiate arbitration in the time allotted. (*See* Order [198].)  The Court notes that the record does not reflect that Plaintiff has complied with this Court's orders and initiated arbitration. (*See* Docket.)

This litigation arose out of attempts by Asset to collect a debt bought from MBNA America Bank ("MBNA").  The debt was allegedly owed by the plaintiff, Richard A. Galle ("Galle"), as a result of credit card transactions with MBNA using an account originally opened in November of 1991 with Hancock Bank.  This debt has since been reflected in consumer credit reports issued by TansUnion and Experian credit reporting agencies.

Asset bought the account from MBNA in March of 2001. On October 25, 2002, Asset sent Galle a dunning letter for $6707.30 as the balance then due; to which Galle replied on November 1, 2002, by sending Asset a letter disputing the transactions and demanding that Asset not take adverse action regarding Galle's credit report.  On November 6, 2001, Asset sent Galle a letter indicating it

was obtaining supporting documentation from MBNA and would forward that documentation to Galle as soon as it received it from its creditor, per Asset's policy. In addition, it indicated it would not communicate further with Galle until it received such information. On September 27, 2002, Asset apparently obtained a consumer credit report concerning the Plaintiff from the Experian Credit Bureau ("Experian").

On November 15, 2002, Galle sent Asset further correspondence indicating that he had, after further investigation, discovered that Asset had made adverse entries to his credit report by April of 2001. Galle stated he had suffered damages due to these entries and threatened legal action if Asset failed to compensate him. On December 14, 2002, Galle sent a letter further demanding Asset remove adverse entries in his credit report. The only other communication from Asset which Galle received was a letter dated October 31, 2003, offering settlement for an amount of forty percent of the then balance of $7,179.50.

On October 31, 2003, Galle filed an action in the Circuit Court of Hancock County, Mississippi. On December, 12, 2003, Asset removed the case to the Federal District Court of the Southern District of Mississippi. Galle has since amended his complaint to reflect additional damages due to the debt being reflected on his credit reports.

On August 8, 2006, this Court entered an Order [179] granting Asset's Motion [141] to Stay. This Court found that Galle's claims were covered by the arbitration provision contained in the agreement and that all of Galle's claims should be submitted to arbitration in accordance with the terms of the agreement. The case was statistically closed pending arbitration and the remaining pending motions were found to be moot.

On August 17, 2006, Galle filed a Motion [182] for Extension of Time to File a Motion for Reconsideration. In the Motion, Galle complained that he did not receive a copy of the Court's

Memorandum Opinion and Order granting Asset's Motion to Stay. Galle sought an extension until August 28, 2006, in which to file his Motion for Reconsideration. Galle did file his Motion [183] for Reconsideration, but not until August 30, 2006. In his Motion [183] for Reconsideration, Galle argued, among other issues, that this Court erred by refusing to take into account an Opinion filed on March 28, 2006 in which the court denied Defendant MBNA's Motion to Compel Arbitration and Stay Pending Arbitration. *See Galle v. MBNA America Bank*, Civ.A. 1:03-CV-924LG 2006 WL 839531 (S.D.Miss. March 28, 2006).

This Court entered an Order [186] on July 13, 2007 denying Galle's Motion for Reconsideration. The Court found that Galle's motion was untimely. (*See* Order [186].) However, the Court went on to analyze the merits of the motion and noted that had Galle's motion been timely filed it still lacked sufficient grounds to warrant relief. *Id.* Galle argued that 1) neither MBNA nor Asset sent the arbitration agreement to him; 2) Defendants waived any right to arbitrate; 3) he never agreed to arbitrate; and 4) unconscionability. The Court noted that Galle did not present any change in controlling law, any newly discovered evidence not previously available, or any new element of fact or law. *Id.* The Court further found that it had already ruled on the issues raised by Galle. *Id.*

Two years passed and Galle sought to lift the stay pending arbitration, however, it was undisputed that this case had never been submitted to arbitration. In Galle's motion to lift the stay, he argued to the Court that the arbitration agreement was unenforceable because the National Arbitration Forum ("NAF") "has been barred from conducting credit card and consumer arbitrations," and because of his inability to pay the arbitration filing fees. ( *See* Pl.'s Mem. [190] Supp.) Also, Galle argued again that the Defendants waived their right to arbitration. Defendants responded by claiming that Galle's arbitration claim had been stalled due to Galle's failure to take the proper steps to initiate his claim. The Court agreed and declined to reconsider its decision to stay

and compel arbitration.  The Court noted that Galle had not submitted evidence of his inability to pay the arbitration fees.  Additionally, the Court noted that the arbitration agreement provided that the Defendants would advance the arbitration filing fees at Galle's written request.  The Court found that Galle had failed to properly seek the advancement of fees and that Galle had failed to show that the arbitration fees made the agreement to arbitrate unconscionable.  The Court further found that Galle had not shown good cause for lifting the stay and denied his motion.

The Court noted that this case was stayed pending arbitration in August 2006, and that Galle had the burden of diligently pursuing his claims if he wished to obtain an award of damages against the Defendants.  Also, the Court observed that without arbitration proceedings underway, the case remains at a standstill.  Therefore, the Court ordered Galle to initiate arbitration proceedings within ninety (90) days of December 1, 2009, and warned Galle that failure to do so without good cause could result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See* Order [195].)  On February 25, 2010, the Court again warned Plaintiff that his failure to initiate arbitration in the time allotted would result in this case being dismissed pursuant to Rule 41(b). (*See* Order [198].)

Almost five years ago, on August 8, 2006, Galle was initially ordered to submit his claims to arbitration.  After Galle's failure to initiate arbitration, the Court, on December 1, 2009, ordered Galle to initiate arbitration by March 1, 2010 - ninety (90) days from December 1, 2009.[1]  However, it has been over a year since Galle's March 1, 2010 deadline and the record does not reflect that arbitration has ever been initiated in this matter.  In fact, there has been no filing in this matter since the Court's order entered on February 25, 2010.  There is no indication that Galle has initiated

---

[1] The Court notes that ninety (90) days from December 1, 2009 is February 28, 2010.  However, February 28, 2010 falls on a Sunday, therefore, Galle was required to initiate arbitration by the following business day, which was Monday March 1, 2010.

arbitration in this matter as ordered by the Court.

Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay. This case was removed to this Court on December 3, 2003. In August 2006, the case was stayed pending arbitration. However, the record does not reflect that this case has ever been submitted to arbitration. To date, Plaintiff has failed to initiate arbitration and comply with this Court's orders entered on August 8, 2006 and December 1, 2009. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to initiate arbitration as ordered by this Court and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court acknowledges that it warned Plaintiff of its inherent power to dismiss this case for Plaintiff's failure to comply with this Court's orders. The Court finds that Plaintiff has failed to exhaust his available remedies pursuant to the arbitration agreement or comply with the

Orders [179, 195] of this Court directing him to initiate arbitration.  Therefore, this Court finds that this case should be dismissed without prejudice for Plaintiff's failure to prosecute.

SO ORDERED this the   23rd   day of June, 2011.

                                                       s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE